UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE FAIRO, individually, JAMIE FAIRO
as next of friend to ZANE EVAN, a minor,

    Plaintiffs

v.

WALMART, INC.,

    Defendants.
_____/

CASE NO. _____

**COMPLAINT**

Plaintiffs, JAIME FAIRO AND ZANE EVANS, by and through undersigned counsel, files this action against Defendant WALMART, INC. ("WALMART"), and hereby alleges as follows:

**NATURE OF THE CASE**

1. This is a 42 U.S.C. §1981 claim arising out of racial discrimination against Plaintiffs by Defendants, through their employees, which deprived Plaintiffs of their constitutional rights.

**JURISDICTION, VENUE, AND PARTIES**

2. <u>Jurisdiction</u>. This Court has original jurisdiction over Plaintiff's Section 1981 claims pursuant to 28 U.S.C. §§1331 and 1343(a)(4) and this involves a federal question regarding the deprivation of Plaintiff's rights under Section 1981. This Court also has jurisdiction over the state law claims pursuant to 28 U.S.C.A. § 1367.

3. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district.

4. At all times material, Plaintiff was a resident of Sarasota, Sarasota County, Florida.

5. Defendant is a foreign corporation authorized to do business in Florida. Defendant has hundreds of stores throughout Florida and throughout the nation, but the store at issue is located at 8320 Lockwood Ridge Rd, Sarasota, FL 34243 (the "Walmart Store").

6. Defendant is subject to personal jurisdiction in this District because it maintains facilities and business operations in this District and committed the discriminatory acts alleged herein occurred in this District.

7. All conditions precedent to maintaining this action have been satisfied by Plaintiffs or have been excused or waived by Defendants.

## GENERAL ALLEGATIONS

8. Plaintiffs, JAMIE FAIRO, and her then six-year-old son, Plaintiff ZANE EVANS, are African American and, thus, members of a racial minority.

9. On June 29, 2021, Plaintiff JAMIE entered the Walmart Store with her three minor children, including Plaintiff ZANE.

10. After making a purchase, Plaintiffs were heading to the exit, but well before reaching the exit, six-year-old ZANE stopped at a stand with glasses, picked up a pair of glasses and went to show his mother.

11. JAMIE acknowledged ZANE and directed him to place the glasses back on the stand, under her supervision, and ZANE complied.

12. One of the Walmart employees (known only as "Judi" hereinafter "Employee" or "Judi") noticed the interaction and intercepted ZANE on his was to place the glasses back on the stand.

13. JAMIE noticed that the Employee was speaking to ZANE so she approached the Employee to inquire if there was any issue.

14. The Employee, in a derogatory manner, informed JAMIE and ZANE that they were not allowed to touch the merchandise unless they were purchasing it.

15. It is customary that at WALMART, much like almost all retail stores, customers are allowed to pick up, try one, and/or inspect merchandise at any time while they are in the store, whether or not the customer intends to purchase the merchandise. In fact, at the time, the store was full of other customers holding and inspecting merchandise without intervention by WALMART's employees.

16. As such, JAMIE asked to see the store policy that prevented them from touching the merchandise to which the Employee responded —in a condescending manner— by telling Plaintiffs to get out of the store.

17. Another Walmart Employee (known only as "Leah") approached Plaintiff and the Walmart employee Judi, to inquire about the conflict.

18. When Leah asked Judi if she believed ZANE was going to steal the glasses, Judi laughed and confirmed that she believed ZANE was going to steal the glasses.

19. This assumption was made despite the fact that Judi witnessed the child showing the glasses to his mother and witnessed the child heading back to the stand to replace the glasses.

20. The Employee did not intervene in the any of the other surrounding white customers' shopping experience (including customer handling merchandise), leading to the logical conclusion that the Employee targeted Plaintiffs solely because of their race.

21. As a result of WALMART's discrimination, Plaintiffs suffered public humiliation, embarrassment, distress, and inconvenience.

22. Plaintiff has been required to retain the undersigned counsel to represent them in this action and are obligated to pay a reasonable fee for their services.

## COUNT I
## VIOLATION OF 42 U.S.C. §1981

23. Plaintiffs repeat and reallege and incorporate by reference the allegations set forth in paragraph 1 through 22, inclusive, as though fully set forth herein.

24. Plaintiffs are African American and therefore members of a racial minority.

25. Defendant, via its employees, intended to and did discriminate against Plaintiffs based solely on their race.

26. Defendant has discriminated against Plaintiff in violation of the Federal Civil Right Statute, 42 U.S.C. §1981.

27. By the conduct described above, Defendant intentionally deprived Plaintiffs of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual relationship with Defendant, in violation of 42 U.S.C. §1981.

28. Such discrimination would not have occurred but for Plaintiffs' race, as evidenced by the Defendant's comments and treatment of Plaintiffs versus the treatment of other white customers.

29. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied contractual rights, benefits, and privileges and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life, thereby entitling him to equitable monetary relief, as well as compensatory damages.

30. Defendant, in its discriminatory actions, has acted with malice or reckless indifference to Plaintiffs' rights, thereby entitling them to an award of punitive damages.

## COUNT II
## NEGLIGENT TRAINING

31. Plaintiffs repeat and reallege and incorporates by reference the allegations set forth in paragraph 1 through 22, inclusive, as though fully set forth herein.

32. Defendant owed its customers, including Plaintiffs, a duty of care to ensure that WALMART employees were trained adequately and acted on behalf of WALMART in the scope of their employment, in a manner so as to prevent injury to customers.

33. The nature of the WALMART Employee's employment was such that she had contact with customers of Defendant, WALMART, including Plaintiffs.

34. Defendant failed to adequately implement and/or operate its employee training program such that this failure resulted in discrimination against Plaintiffs and a violation of Plaintiffs' civil rights.

35. Plaintiffs suffered harm as a result of Defendant WALMART's failure to properly train its employees, including the Employee.

36. As a result of said negligence, Plaintiffs have suffered and continue to suffer suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life, thereby entitling them to equitable monetary relief, as well as compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in their favor and against Defendant, containing the following relief:

A. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all monetary and/or economic damages;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his mental anguish and emotional distress,

humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

C. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

D. An award of punitive damages;

E. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988(b), to the fullest extent permitted by law; and

F. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues of fact and damages stated herein.

Dated: December 9, 2022

BLACK ROCK TRIAL LAWYERS, PLLC

By: _____
Gil Sanchez, Esq.
Counsel for Plaintiff
Florida Bar Number: 735981
201 S. Westland Ave.
Tampa, Florida 33606
(813) 254-1777 Office
(813) 254-3999 Fascimile
gil@blackrocklaw.com
litigaton@blackrocklaw.com

6